# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY MOORE,

       Petitioner,      :      Case No. 1:11-cv-155

                             :      District Judge William O. Bertelsman
    -vs-                           Magistrate Judge Michael R. Merz

WARDEN, London Correctional Institution,

                             :
       Respondent.

## DECISION AND ORDER

This habeas corpus case, recently transferred to the undersigned, is before the Court on Petitioner's Motion (Doc. No. 28) for Extension of Time to Object to Magistrate Judge Litkovitz's pending Report and Recommendations (Doc. No. 25).

Judge Litkovitz's Report recommends denying Mr. Moore's Motion to Amend the Petition (Doc. No. 17) and his Motion for Evidentiary Hearing (Doc. No. 22).  In the opinion of the undersigned, both of those Motions are nondispositive pre-trial motions which a Magistrate Judge is authorized to decide, rather than making a recommendation.  28 U.S.C. § 636(b)(1)(A) provides that a district judge may designate a magistrate judge

> to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Neither a motion to amend nor a motion for an evidentiary hearing comes within that prohibition and thus they may be decided by a Magistrate Judge, subject to appeal to the referring District Judge. Accordingly, the Report and Recommendations are WITHDRAWN and Petitioner's Motion for Extension of Time is denied as MOOT.

### Motion to Amend

In his Motion to Amend filed June 27, 2011, asks leave to amend but does not state what claims he wishes to add to his Petition. Under 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." The general standard for considering a motion to amend under the Federal Rules of Civil Procedure applicable to civil cases in general is Fed. R. Civ. P. 15(a). The standard for judging a motion under that Rule was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v.*

*Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980).

Under this standard, the Court cannot properly consider a proposed amendment to a habeas petition without knowing what the amendment is. Petitioner gives no hint in his Motion what claims he wishes to add. Therefore the Motion to Amend is denied without prejudice to its renewal when accompanied by the actual claims Petitioner wishes to add.

### Motion for Evidentiary Hearing

In his Motion for Evidentiary Hearing, Mr. Moore asks for "careful consideration and plenary processing of his claim, including full opportunity for presentation of facts." (Motion, Doc. No. 22, PageID 629). He relies on *Blackledge v. Allison*, 431 U.S. 63 (1977); *Brown v. Allen*, 344 U.S. 443 (1953); *Smith v. Yeager*, 393 U.S. 122 (1968); and *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Id.*

The Petition in this case was filed on May 17, 2011, well after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and is thus subject to that act. Under the AEDPA, the question of whether a state court decision on the merits of any constitutional claim can be overturned in habeas corpus must be decided on the basis of the factual record before the state court. *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011). Thus this Court cannot hold an evidentiary

hearing to consider any new evidence which was not before the state courts on any claim they decided on the merits. As to any presentation of evidence for other purposes, a habeas petitioner must satisfy 28 U.S.C. § 2254(e)(2) which requires proof that a habeas petitioner diligently sought to obtain and present in the state courts the evidence he now seeks to present in federal court.

This Court has not yet decided whether the state courts decided Petitioner's claims on the merits, nor has Petitioner tried to make any demonstration that the facts he wants to prove here were attempted to be proved in state court. Therefore the Motion for Evidentiary Hearing (Doc. No. 22) is denied without prejudice to its renewal after these conditions are satisfied.

February 29, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

J:\Documents\Moore Habeas R15.wpd