# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHNNY MOORE,

                              :

        Petitioner,                 Case No. 1:11-cv-155

                              :       District Judge William O. Bertelsman

     -vs-                         Magistrate Judge Michael R. Merz

WARDEN, London Correctional
 Institution,

                              :

        Respondent.

---

# REPORT AND RECOMMENDATIONS

---

Petitioner Johnny Moore brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Hamilton County Common Pleas Court and consequent sentence. He pleads the following grounds for relief in the Petition:

> **Ground One:** The trial court erred to Moore's prejudice by denying him the right to represent himself at trial.
>
> **Supporting Facts:** When the trial court fails to rule upon a defendant's request to represent himself at trial, it violates his constitutional right to represent himself pro se.
>
> **Ground Two:** Defendant-appellant was denied due process and prejudiced by the state's prosecutorial misconduct by continually asking leading questions during the direct examination of the state's witnesses.
>
> **Supporting Facts:** When the prosecutor asks leading questions of his own witnesses it unfairly prejudices a Defendant's right to a fair trial.
>
> **Ground Three:** Defendant-appellant was denied due process and was prejudiced by the state's misconduct in its opening statement as

well as referring to Moore's other bad acts.

**Supporting Facts:** When the prosecution makes improper [comments] in its opening statement, it prejudices defendant and is reversible error.

**Ground Four:** The trial court abused its discretion to Johnny Moore's prejudice by failing to have a per-[sic]sentence investigation report done by imposing an excessive sentence that is not support [sic] by the record.

**Supporting Facts:** When the trial court does not ask for a review or pre-sentence investigation report and imposes an unwarranted excessive consecutive sentence which is not supported by the record, it errs to a defendant-appellant's prejudice.

**Ground Five:** The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain defendant-appellant's violation of protection/anti-stalking order and menacing by stalking conviction.

**Supporting Facts**: When a conviction for violation of protection/anti-stalking order and menacing by stalking is not supported by sufficient evidence and is against the manifest weight of the evidence, it constitutes reversible error.

(Petition, Doc. No. 12, PageID 68-74.)

On February 15, 2012, Magistrate Judge Litkovitz granted Petitioner's Motion to Amend to

add the following grounds for relief which had already been responded to in the Return of Writ:

**First Ground Raised:** The court erred to the defendant['s] motion to withdraw counsel on the day of jury selection due to not having a constitutional right to a fair trial and representation by counsel.

**Issue presented for review and argument:** When counsel ask to withdraw for defendant; the court should not have prejudice the defendant by not granting the motion orally because the attorney never talked or came see the defendant at no time before the jury selection was made. The U.S. Constitution state's [sic] the right to a fair trial and representation.

-2-

**Second Ground Raised:** The court and the defendant's counsel erred when phone records was subpoena [sic] by prior attorney was never introduced has evidence on behalf of defendant.

**Issue presented for review and argument:** When prior attorney subpoena phone records, the courts and counsel should guarantee evidence that is useful for defendant's innocence be turned over from one attorney to another without prejudice, especially when the state uses and state's on record 40-50 times, the defendant called.

**Third Ground Raised:** The court erred when a motion to suppress was not ruled on and was ignored by the courts to render a ruling on said motion.

**Issue presented for review and argument:** When the court refuses to have a hearing on the motion to suppress, the courts must have a hearing to allow (or) not allowed hearsay (or) evidence, to be entered onto the record. When officer Dumont made a statement and a police report, stating that the defendant made a statement to only him on the phone [ ] the prosecutor's witnesses cannot testify on his behalf for not being able to hear any conversation with defendant (or) police officer. They cannot, the witnesses testify to the account or say that it was the defendant that was talking to the police officer. The officer Dumont filed the complaint himself against the defendant not the alleged victim. Deputy Dumont stated in court that he doesn't know if it was me or someone else. There was no signed or oral statement produce in court; just a statement from the deputy stating I'm Johnny Moore which cannot be used without evidence (or) oral statement, signed by defendant.

**Fourth Ground Raised:** The state over charged the defendant when their was [sic] no prior convictions or charges against him.

**Issue presented for review and argument:** The police report and affadvit [sic] and complaint from the charging officer, charged the defendant for harassment against Ms. Dorothy Pearson, which the grand jury didn't indict on and violation of protection order a felony 5 against Ms. Meyers, on May 4, 2008. Another day on April 25, 2008 their [sic] was a complaint for violation of protection order against the defendant. Only charging him with (1) count of violated protection order on that day only a felony 5[.] On April 26 or 28 of 2008 the defendant was back in front of Judge Davis to make sure that the P.S.I. and court clinic has seen me and interview me. At no time was my bond revoked or was their [sic] any allegation against

-3-

me in court, for April 25, 2008. Charge: on May 30th the grand jury indicted me for (1) count of violation protection order felony (5) (1) count of menacing by stalking order felony (4) (1) count of violation of protection order felony (3) for April 25, 2008 offense. On May 4, 2008 the same type of charges was filed again. The state charged me for felony's [sic] (4) menacing by stalking when the statue clearly states that I had to be charged or convicted of a past menacing by stalking to be elevated to a felony if not, it was a misdemeanor (1) for first offense. A menacing by stalking is a totally different protection order than a protection order under 3113.31 which was not for menacing or stalking orders. My protection order was D.V. order. 2 separate and different orders. The state over charged the defendant on (2) different days when the original charge was a felony (5) violated protection order.

**Fifth Ground Raised: Ineffective counsel.** The United States and Ohio Constitution guarantee's that the defendant be represented to the fullest of the law.

**Issue presented for review and argument:** The defendant's attorney never talked or came seen the defendant at no time to give any defense for the defendant, and give any account's [sic] to the defendant's claims. On the day of Jury Selections the attorney asked to be withdrawn from the defendant's case; the judge did ask the defendant why he wanted his attorney to withdraw from his case[.] The defendant stated on the record that he did not know who his attorney was standing next to him and that his attorney never came to see or talked to him. The attorney stated because of threats made by me and to the courts. The judge denied the motion because he said this case has been going on to long and the defendant having multiple attorney's on his case withdrawing because they could not represent the defendant cause of mental problems and denying court clinic and state hospital to evaluate the defendant. This reasoning by this judge and court clearly prejudicial to the defendant.

**Sixth Ground Raised:** When the state use's [sic] a invalid motion of *nunc-pro-tunc* to correct a sentence it is contrary to law and void.

**Issue presented for review and argument:** The state cannot use a nunc pro tunc to change a person [sic] charge when the defendant was not in front of a judge and his attorney to hear that final phase in sentencing. The court's [sic] must bring back the defendant and re-sentence him under the new and final judgment. A nunc-pro-tunc can only be used to correct a clerical error (or) mistake in calculation

-4-

not to dismiss charges when the jury had a right to a lesser punishment or not to have me found guilty of all (6) felony's under a jury trial. The prosecutor's office stated I must be brought back for re-sentencing. The Ohio Public Defender's office said that motion for nunc-pro-tunc was invalid.

**Seventh Ground Raised:** When the state and defendant's counsel prejudice the defendant's right to a partial jury selection.

**Issue presented for review and argument:** When the state ask one of the jury members if she could sit on a jury trial and convict the defendant; she said no a couple of times and the state persue [sic] the jury member until she gave in. Another jury member said that he knew Ms. Meyers, but the state said in Cleves, Ohio, and he said no. The state and defendant's counsel never pursue any other means of how he knew the defendant [sic]  victim but the jury member was a dentist and Ms. Meyers is a dental assistant which she has worked at numerous jobs and company's before.  Ms. Meyers lived all around in different places during her career. And the state and defendant's counsel should have pursue where he knew Ms. Meyers.

**Eighth Ground Raised:** The state violated due process of defendant's rights to a fast and speedy trial.

**Issue presented for review and argument:** The defendant has a right for due process of the United State's constitution to a fast and speedy trial.  And not be prejudice by the state for prosecutor misconduct repeatedly by the state's comments and evidence being denied.

(Doc. No. 18.)

In his Reply, Petitioner argues at several points that his conviction violates the Double Jeopardy Clause.  He asserts that he raised this claim in his original Petition, but that the State did not respond to it.  In his Petition but not in the section for stating grounds for relief, Petitioner does in fact plead the following:

**Allied Offenses and Double Jeopardy**

On April 25, 2008, I was arrested and charged with three (3) counts of Violating Protection Order/anti-stalking Protection Order, being

> a felony fifth degree, the second count Violation Protection
> Order/Anti-Stalking Order, being a felony of the third degree and
> Count Three being Menacing by Stalking, being a felony of the four
> [sic], all three of these offenses happen [sic] on April 25, 2008. [sic]
>  also On May 4, 2008, I was arrested and charged with Three (3)
> Counts, The first count being one count Violating Protection
> Order/anti-Stalking Order, being a felony of the fifth degree, and One
> count of Violating a Protection Order/Anti-Stalking Order, being a
> felony of the Third Degree, and One count of Menacing by Stalking,
> being a felony of the four [sic] degree.

(Petition, Doc. No. 12, PageID 75.)

Pro se litigants are entitled to a liberal construction of their pleadings. *Haines v. Kerner*, 404
U.S. 519 (1972); *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  The Court will treat the
quoted language as raising a fourteenth ground for relief and analyze it accordingly.

## Procedural History

Petitioner was indicted on May 30, 2008, on four counts of violation of a protection
order/anti-stalking protection order and two counts of menacing by stalking.

Count One charges a violation of Ohio Revised Code § 2919.27(A) and alleges that on April
24, 2008, Moore recklessly violated the terms of a protection order or consent agreement approved
under Ohio Revised Code § 2919.26 or § 3113.31 and that as of April 24, 2008, he had previously
been convicted of, or pleaded guilty to, a violation of a protection order issued pursuant to Ohio
Revised Code § 2903.213 or 2903.214 or a violation of this section (Ohio Revised Code §
2919.27(A)).  It then specifies the prior conviction as having occurred on April 7, 2008, in Hamilton
County, Ohio, Common Pleas Court Case No. B0801182.

Count Two also charges a violation of Ohio Revised Code § 2919.27(A) and alleges that at

the time Moore violated the protection order he was also committing the offense of menacing by stalking.

Count Three charges a violation of Ohio Revised Code § 2903.211(A)(1) and alleges that Moore made a threat of physical harm to Melissa Meyers as part of a pattern of conduct in which he knowingly caused her to believe he would physically harm her or cause her mental distress.

Counts Four, Five, and Six replicate the first three counts, but for the date of May 4, 2008. (Indictment, Return of Writ, Doc. No. 19, Ex. 1, PageID 166-169.)

A trial jury convicted Moore on all counts and on August 25, 2009, he was sentenced to an aggregate term of imprisonment of eight years.  His conviction was affirmed on direct appeal to the Hamilton County Court of Appeals (Return of Writ, Doc. No. 19, Ex. 8).  The Ohio Supreme Court declined jurisdiction over an appeal to it.  *Id.*  Ex. 12.  Moore also filed unsuccessful petitions for post-conviction relief and to reopen the direct appeal.

# Analysis

## Ground One

In his First Ground for Relief, Moore alleges he was denied his right to represent himself at trial.  The Warden concedes this claim is preserved for merits review in habeas (Return of Writ, Doc. No. 19, PageID 126).

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  The First District Court of Appeals decided this claim on the merits, holding as follows:

> Moore first contends that the trial court erred in "denying the right to represent himself at trial."  Not so.
>
> Moore moved to proceed as co-counsel in December 2008. The trial court properly overruled this motion because defendants are not entitled to hybrid representation. *State v. Cassano* (2002),  96 Ohio St.3d 94, 772 N.E.2d 81, *citing State v. Keenan* (1998), 81 Ohio St.3d 133, 689 N.E.20 929. Then at a later hearing, the court attempted to engage in a colloquy with Moore about self-representation – even though Moore never moved to proceed pro se – but he remained silent and unresponsive. We hold that Moore failed to explicitly and unequivocally invoke his right to self-representation, *Id.* at 100, and, therefore, his assignment of error arguing that the trial court erred in denying that right to him is overruled.

*State v. Moore,* No. C-090631 (Ohio App. 1st Dist. June 23, 2010)(unpublished, copy at Return of

Writ, Doc. No. 19, PageID 214.)  The Warden argues that this decision is neither contrary to nor an objectively unreasonable application of clearly established federal law.  (Return of Writ, Doc. No. 19, PageID 154-156.)  Petitioner replies:

> The Petitioner had a right to represent himself under the Constitutional [sic] of the United States, no matter if the Petitioner was not cooperative toward the judge or State or defense attorney. The Motion no matter what should have been ruled on even though the Petitioner filed the Motion to proceed as counsel should have been accepted or denied but this didn't happen because of competency issues throughout this Court proceedings, but was brought up a couple of times but was never brought up with his new attorney or before jury selection, to see if I still wanted to proceed as counsel on behalf of himself.

(Reply, Doc. No. 21, PageID 620.)

The trial court record refutes Petitioner's claim.  The colloquy in open court on this subject reads:

> THE COURT: All right, sir. This case, as you say, has been going on since May 22nd [2008]. You were arrested, arraigned on June 6th. You have gone through a number of attorneys. You have the right to an attorney. You don't have the right to select your own attorney unless you want to hire them. I'm going to deny your request that I appoint new counsel for you.
>
> Now, you have a choice. I mean, Mr. Cutcher is your counsel. If you want to insist on your constitutional right to go forward without an attorney, you may do that. But I need to talk about the consequences. Or you can go forward today with Mr. Cutcher as your attorney, who is a very well qualified attorney.
>
> THE DEFENDANT: I'd like—this will be the last time I go in front of this judge, in front of this courtroom.
>
> THE COURT: Okay. Well, that's where we are. I'm not going to appoint new counsel. I've already—
>
> THE DEFENDANT: You ain't got to worry about seeing me back here.

-9-

THE COURT: What's that?

THE DEFENDANT: You ain't got to worry about seeing me back here because you're violating my constitutional rights.

THE COURT: I'm not violating your constitutional rights, sir.
THE DEFENDANT: If I have to file the necessary paperwork to the Supreme Court, then that's what I have to do.

THE COURT: You are certainly welcome to file whatever you want. What you need to do right now is decide how you want to go forward. Do you want to go forward today with Mr. Cutcher representing you?

THE DEFENDANT: I'll take my Fifth Amendment right now.

THE COURT: Sir, that gives you a right to remain silent. It doesn't give you the right not to tell me how you want to proceed.

THE DEFENDANT: I will remain silent, sir. I'm going to invoke my Fifth Amendment.

THE COURT: Sir, what I'm going to do then is we're going to bring a jury down here and we're going to start selecting a jury, and if you choose not to say anything during the trial, you have the right to do that.
Anything further, Mr. Cutcher?

MR. CUTCHER: So is he representing himself or—

THE COURT: I can't tell. I guess at this point you're representing him.

MR. CUTCHER: All right.

THE COURT: Because he won't tell me what he wants to do.

MR. CUTCHER: All right.

THE COURT: Okay.

MR. CUTCHER: Thank you, your Honor.

(Return of Writ, Doc. No. 19, Trial Tr. Vol. I, 6-9, at PageID 350-352.)

-10-

Based on this portion of the transcript (and Petitioner refers the Court to no other portions), the Court of Appeals was correct to find that Moore never invoked his right to proceed *pro se*, even when reminded of the right by Judge Dewine in open court. There is of course a constitutional right to defend oneself without an attorney. *Faretta v. California,* 422 U.S. 806, 835 (1975). But there is also a constitutional right to be represented by counsel which can only be waived after a colloquy in which the consequences of proceeding *pro se* are fully explained. *Patterson v. Illinois,* 487 U.S. 285, 298 (1988); *Faretta*, at 835. Moore refused to participate in any colloquy under the mistaken belief that the Fifth Amendment somehow protected his right to do so. But the Fifth Amendment only protects a criminal defendant from being compelled to be a witness against himself, not from being required to respond to an explanation of rights. To put it another way, a criminal defendant cannot remain silent in the fact of a question whether he wants to proceed *pro se* or not and then assert in habeas the right to proceed *pro se*.

Petitioner's First Ground for Relief is without merit and should be dismissed with prejudice.

## Ground Two

In his Second Ground for Relief, Petitioner asserts he was denied due process of law when the prosecutor continually asked leading questions of his own witnesses. The Warden asserts this claim is either procedurally defaulted or not cognizable in habeas corpus.

The court of appeals decided this claim as follows:

> We consider Moore's next two assignments of error together. Each is based on an alleged violation of his due-process rights. We initially note that at trial Moore did not object to any of the alleged violations, and he has, therefore, waived all but plain error on appeal.

-11-

Moore first alleges that the prosecutor engaged in misconduct by asking leading questions during direct examination of witnesses. Our review of the record convinces us that the state did not engage in misconduct in its direct examination of witnesses. The instances of "leading questions" cited by Moore were neither egregious nor improper, and in any event they certainly were not outcome-determinative. Moreover, it is within the trial court's discretion to allow leading questions on direct examination for the purposes espoused in Evid. R. 611. *State v. Jackson,* 92 Ohio St. 3d 436, 449, 2001-Ohio-1266, 751 N.E.2d 946. Moore has failed to demonstrate that his due-process rights were violated in this respect, and this assignment of error is overruled.

*State v. Moore, supra,* PageID 156-157.


## Procedural Default

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus

review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485

(1986); *Engle*, 456 U.S. at 110; *Wainwright,* 433 U.S. at 87. *Wainwright* replaced the "deliberate

bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman,* 501 U.S. at 724.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir.

2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345,

347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v.*

*Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that
> is applicable to the petitioner's claim and that the petitioner failed to
> comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually
> enforced the state procedural sanction, citing *County Court of Ulster*
> *County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777
> (1979).
>
> Third, the court must decide whether the state procedural forfeiture
> is an "adequate and independent" state ground on which the state can
> rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F.2d at 138.

Ohio has a relevant procedural rule, to wit, the contemporaneous objection rule that parties

must preserve errors for appeal by calling them to the attention of the trial court at a time when the

error could have been avoided or corrected, set forth in *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The court of appeals enforced that rule in this case by refusing to review this assignment of error for anything except plain error. A state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, ___ F.3d ___, 2012 U.S. App. LEXIS 1905 *70 (February 2, 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Ohio's contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, ___ F.3d ___, 2012 U.S. App. LEXIS 1905 *64 (February 2, 2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 131 S. Ct. 185 (2010).

Therefore Petitioner procedurally defaulted in presenting his leading questions claim to the state courts. He attempts to excuse that default by claiming it was ineffective assistance of trial counsel for his trial attorney to fail to object. However, before ineffective assistance of trial counsel can be used to excuse a procedural default, it must first be presented to the state courts, which Mr.

-14-

Moore has not done. *Edwards v. Carpenter,* 529 U.S. 446 (2000). Moore also attempts to excuse this omission by reliance on the harmless error doctrine, but that only applies to errors by state courts, not errors by habeas petitioners.


**Cognizability**

Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010);*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

Evidentiary questions such as the propriety of asking leading questions on direct examination generally do not rise to the constitutional level unless the error was so prejudicial as to deprive a defendant of a fair trial. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983); *Bell v. Arn,* 536 F.2d 123 (6th Cir. 1976); *Burks v. Egeler*, 512 F.2d 221, 223 (6th Cir. 1975). Where an evidentiary error is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000). Courts have, however, defined the category of infractions that violate fundamental fairness very narrowly. *Bugh, quoting Wright v. Dallman*, 999 F.2d 174, 178 (6th Cir. 1993), *quoting Dowling v. United States*, 493 U.S. 342, 352 (1990).

"Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F. 3rd 542, 552 (6th Cir. 2000)(*quoting Montana v. Egelhoff*, 518 U.S. 37, 43 (1996)).  The Supreme Court has defined very narrowly the category of infractions that violate fundamental fairness.  *Bey v. Bagley*, 500 F.3d 514 (6th Cir. 2007), *citing Dowling v. United States*, 493 U.S. 342, 352 (1990)(Identification from a trial which resulted in an acquittal could be introduced at second trial for similarities.)  "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence."  *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003), noting that the Supreme Court refused to reach the issue in *Estelle v. McGuire*.  To the extent Petitioner is questioning the correctness of the state court of appeals decision under Ohio R. Evid. 611, his claim is not cognizable in habeas corpus.

Therefore Ground Two should be dismissed with prejudice.

## Ground Three

In Ground Three, Petitioner claims he was denied due process when the prosecutor referred to his prior conviction.  Here too the court of appeals enforced the contemporaneous objection rule and the claim is procedurally defaulted on that basis.  But it is also without merit.  In deciding the cognate assignment of error, the court of appeals held:

> Moore also contends that the prosecutor engaged in misconduct by stating that Meyer previously had obtained a protection order against Moore, and that he had violated it. But this statement was proper because an element of menacing by stalking is that the defendant has

> engaged in a pattern of conduct causing physical harm or mental
> distress to the victim. R.C. 2903.211(A)(1). And the state had the
> burden of proving a pattern of behavior. The statement about Moore's
> previous conviction was proper, and his assignment of error to the
> contrary is overruled.

*State v. Moore, supra,* PageID 157. In other words, the State had to prove the prior conviction to show the pattern of conduct element which is required for conviction of menacing by stalking as it was charged in this case. It cannot be prosecutorial misconduct to summarize for the jury what the State must prove.

Therefore Ground Three should be dismissed with prejudice.

## Ground Four

In his Fourth Ground for Relief, Petitioner asserts his rights were violated when the trial court did not order and review a pre-sentence investigation report before imposing sentence. As the court of appeals held, there is not even a statutory or rule-based right to such a report in an Ohio felony case where probation is not granted. *State v. Moore, supra*, PageID 216, *citing State v. Cyrus*, 63 Ohio St. 3d 164 (1992). Petitioner does not cite any federal constitutional decisions creating such a right and none is known to the Court.

Petitioner also claims his sentence was excessive. On this claim the court of appeals held:

> Moore next contends that his sentences were excessive. We review
> Moore's sentences under a two-part analysis: we first must decide
> whether the sentences were contrary to law; and if they were not,
> then we must decide whether the trial court abused its discretion in
> imposing the sentences. (Footnote omitted.) Moore's sentences were
> not contrary to law, as they were within the applicable statutory
> ranges.

-17-

> We now decide whether the trial court abused its discretion in sentencing Moore to an aggregate of eight years' incarceration. It did not. The court noted the systematic, continuous, and egregious nature of Moore's harassment. The court also considered the likelihood of recidivism and the adverse impact that Moore's harassment had had on Meyers's health, her family, and her children. We conclude that the trial court did not abuse its discretion in sentencing Moore.

*State v. Moore, supra*, at PageID 216.

This second part of the Fourth Ground for Relief does state a claim under the Eighth Amendment's Cruel and Unusual Punishment Clause. However, the Eighth Amendment does not require a strict proportionality between the crime and sentence. Rather, it only prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan,* 501 U.S. 957 (1991)(plurality opinion); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir. 2000). A sentence within the statutory maximum generally does not constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298 (6th Cir. 2000);*United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995).

In *Graham v. Florida,* 560 U.S. ___, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), the Court found unconstitutional any sentence of life imprisonment without possibility of parole for a person under eighteen at the time the offense was committed. Justice Kennedy wrote:

> The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.
>
> In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check. *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). In other cases, however, it has been difficult for the challenger to establish a lack of

-18-

proportionality. A leading case is *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id*., at 997, 1000-1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (KENNEDY, J., concurring in part and concurring in judgment). Again closely divided, the Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California,* 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003); see also *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle,* 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and a sentence of 40 years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam).

130 S. Ct. at 2021-2022. Considering the sentences imposed here in light of the Petitioner's conduct and threats towards Ms. Meyer, made even when he knew the police were listening, this Court cannot say that the court of appeals' opinion is contrary to or an objectively unreasonable application of the cited Supreme Court precedent.

Ground Four should therefore be dismissed with prejudice.

## Ground Five

In Ground Five Petitioner asserts his conviction is based on insufficient evidence and/or is against the manifest weight of the evidence.

As the Warden correctly points out, the manifest weight claim is not cognizable in habeas corpus because it is not a violation of the federal Constitution for someone to be convicted against the weight of the evidence. In *State v. Thompkins,* 78 Ohio St. 3d 380 (1997)*,* the Ohio Supreme Court reaffirmed the important distinction between appellate review for insufficiency of the evidence and review on the claim that the conviction is against the manifest weight of the evidence.

It held:

> In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. *Tibbs v. Florida* (1982), 457 U.S. 31, 45, 102, 387 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, *citing Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. *Robinson, supra*, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.)
>
> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a " 'thirteenth juror' " and disagrees with the factfinder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new

> trial ordered.  The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

78 Ohio St. 3d at 387.  In *State v. Martin*, 20 Ohio App. 3d 172 (Hamilton Cty. 1983)(cited approvingly by the Supreme Court in *Thompkins*), Judge Robert Black contrasted the manifest weight of the evidence claim:

> In considering the claim that the conviction was against the manifest weight of the evidence, the test is much broader.  The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

485 N.E. 2d at 718, ¶3 of the syllabus.  The consequences of the distinction are important for a criminal defendant.  The State may retry a case reversed on the manifest weight of the evidence; retrial of a conviction reversed for insufficiency of the evidence is barred by the Double Jeopardy Clause.  *Tibbs v. Florida*, 457 U.S. 31(1982).  Thus this Court cannot consider whether the convictions were against the manifest weight of the evidence because we can only consider constitutional claims.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358  (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007).  This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991).  Of course, it is state law which determines the elements of offenses;  but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt.  *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. §

2254(d)(2).

*Brown v. Konteh,* 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008).

The court of appeals decision on this claim follows:

> Moore next contends that his convictions were against the weight and sufficiency of the evidence. When reviewing the sufficiency of the evidence to support a criminal conviction, we must examine the evidence admitted at trial in the light most favorable to the state. We must then determine whether that evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt. *See State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
>
> A review of the weight of the evidence puts the appellate court in the role of a "thirteenth juror." [Footnote omitted.] We must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. [Footnote omitted.] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction. [Footnote omitted.]
>
> Moore argues that, the state failed to prove its case because it did not introduce physical evidence and did not identify Moore as the harassing caller. But Meyers testified that she had recognized Moore's voice on the telephone, and that he was the person who had been harassing her. There was an abundance of evidence to support the jury's verdicts that Moore was guilty as he stood charged, and we are convinced that the jury did not lose its way in returning the guilty verdicts.

*State v. Moore, supra,* PageID 216-217.

In his Reply, Petitioner argues that the content of the messages he left was never entered into evidence, but only testified to. The critical point is that it was testified to. There is no obligation

under the Constitution to gather up telephone records or recordings of telephone conversations to prove the content of those conversations when the relevant party to the conversation – here, the Petitioner – is available to testify and contradict the testified-to content if he wishes.  To the extent Petitioner believes there is other evidence such a recordings or telephone records which would have exonerated him, he has never gathered and tendered those records to any court.  The victim's testimony about messages Petitioner left for her is simply not hearsay, but proof of Petitioner's verbal acts of harassment and threat.

The evidence at trial is summarized in the Return of Writ (Doc. No. 19, PageID 160-163).  In his Reply Petitioner does not question the accuracy of that summary, but merely argues the testimony was inadmissible hearsay, which it was not for the reasons just stated.

The court of appeals decision is neither contrary to nor an objectively unreasonable application of *Jackson v. Virginia, supra.*  The Fifth Ground for Relief should therefore be dismissed with prejudice.

## Grounds Raised in Amendment

Petitioner raises eight new grounds for relief in his amendment.  The Warden claims that all of these grounds for relief are procedurally defaulted because they were never fairly presented to the state courts (Return of Writ, Doc. No. 19, PageID 126.)  In particular, claims which appear on the face of the record must be raised on direct appeal or they are waived under Ohio's criminal *res judicata* doctrine.  Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F. 3d 337 (6th Cir. 2001);

-24-

*Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994); *Van Hook v. Anderson*, 127 F. Supp. 2d 899 (S.D. Ohio 2001).  The Ohio courts have consistently enforced the rule.   *State v. Cole*, 2 Ohio St. 3d 112, 443 N.E. 2d  169 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16, 423 N.E. 2d 1068 (1981).  Thus there is every reason to believe that if Petitioner now presented the claims which could have been raised on direct appeal, the Ohio courts would refuse to hear them.  None of the eight grounds (except the *nunc pro tunc* entry claim discussed below) was presented on direct appeal and is thus procedurally defaulted.

Conversely, any constitutional claim which depends on evidence outside the record can be presented on a petition for post-conviction relief under Ohio Revised Code § 2953.21.  However, none of these eight grounds was presented in the post-conviction petition Mr. Moore filed and he has now long since passed the deadline for filing such a petition.

Finally, whether an Ohio judgment can be amended *nunc pro tunc* is purely a question of state law.

Therefore all the claims made in the amendment should be dismissed with prejudice as procedurally defaulted or, in the case of the *nunc pro tunc* entry claim, because it is not a constitutional claim.

### Double Jeopardy/Allied Offenses

In his final Ground for Relief, Petitioner asserts his conviction violates the Double Jeopardy Clause of the Fifth Amendment and/or Ohio's allied offenses of similar import statute, Ohio Revised

Code § 2941.25. As Petitioner notes, the Warden did not respond to this claim, apparently because it was not made in the Grounds for Relief section of the Petition.

In its Judgment Entry, the Hamilton County Court of Appeals noted "[f]inally, Moore advances an argument regarding allied offenses. But his argument in this respect has not been properly briefed or presented, [citing Ohio R. App. P. 16; footnote omitted], and so we disregard it." *State v. Moore, supra*, PageID 217. This argument was made in his brief on appeal as follows:

> Johnny Moore's multiple convictions were not supported by the evidence. He was overcharged and over-convicted with multiple convictions of the violating protection/anti-stalking order for in reality one series of the same exact alleged conduct. There is the possibility that: all the convicted charges are allied offenses of similar import requiring two convictions at the most, and not six separate convictions.

(Appellant's Brief, Return of Writ, Doc. No. 19, Ex. 6, PageID 192.) Ohio App. R. 16 requires separate statement of the assignments of error with record references and argument. The argument about allied offenses is not set forth as an assignment of error, there are no record references, and there are no citations. Petitioner plainly failed to abide by Rule 16 and the failure was enforced against him. Thus the claim was procedurally defaulted for failing to properly present it to the court of appeals.

The claim was also not fairly presented to the court of appeals as a constitutional claim – Petitioner only vaguely mentions "allied offenses" and does not mention the Double Jeopardy Clause. To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506,

1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

This claim was also not included in the claims made on appeal from the court of appeals to the Ohio Supreme Court (See Memorandum in Support of Jurisdiction, Return of Writ, Doc. No. 19, Ex. 10.)  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), *citing Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

For all of these reasons, Petitioner's fourteenth Ground for Relief is procedurally defaulted and should be dismissed with prejudice.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition with amendments be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and the Court should certify that any appeal would not be taken in objective good faith.

March 8, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

        Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

H:\Merz Personal\Administrative\Moore Habeas R&R.wpd